H. M. DARBY *v.* G. H. MORRISON

(No. 7114)

Submitted March 29, 1932. Decided April 12, 1932.

*E. A. Bowers* and *E. L. Maxwell*, for appellant.
*D. H. Hill Arnold*, for appellee.

WOODS, JUDGE:

This is a suit to enforce a mechanic's lien. The lien filed was for $9,468.11, the difference between $12,033.78, the amount claimed to have been expended by plaintiff for materials and labor, including an item of $3,543.00 for personal services, and $2,565.67, with which defendant had been credited. The suit was originally for $9,205.14, but was reduced to $7,205.14, by the payment on account of $2,000.00 by defendant at the time of filing his answer. The chancellor entered a decree for $5,119.25, from which plaintiff appeals.

According to plaintiff, he undertook to purchase the necessary materials, hire all necessary machanics and other labor, superintend the construction thereof, and pay for all materials and labor. While he admits that the house was to be completed by January 1, 1929, at a cost of something like $7,000.00, he states that the cost of $13,672.77, which includes $1,638.89 in lumber furnished by defendant, and the fact that the building was not completed until August, 1929, were due to various changes, made at the instant of defendant and his wife, and the further fact that defendant did not make necessary pecuniary advancements thereon, making it necessary for plaintiff, because of his depleted funds, to do a great portion of the work personally.

The defendant's view of the contract was that the building, including all labor and the lumber furnished, should not cost more than $6,986.06; and that the plaintiff would take care of the materials and labor until completion of the work. Defendant, however, admits additional liability to the extent of $2,215.27, the amount found by the commissioner

to have been expended in labor and materials in making the alleged changes.

The commissioner in chancery, to whom the matter was referred, heard a great volume of testimony in behalf of both litigants. In view of the material conflict as to the terms of the contract, he found that neither the plaintiff nor defendant had substantiated his claims in regard thereto, and thereupon proceed to determine their respective rights on a *quantum meruit* basis. To a finding in favor of plaintiff for $5,119.25, both parties excepted. The chancellor overruled the several exceptions, sustained the finding of the commissioner, and entered a decree for the plaintiff thereon, including costs.

Plaintiff contends that he actually expended $8,490.70 for materials and labor (other than his own), and is entitled to recover that amount on *quantum meruit,* regardless of what he might be entitled to for his own personal services. This position is taken on the theory that such expenditures are not disputed. It is apparent from the commissioner's report that plaintiff was given credit for all expenditures for materials actually put into the house. However, in view of the unusual time consumed in the construction thereof, which militates against the equity of plaintiff's claim, we are of opinion that the commissioner was warranted in dealing with the item of labor as a whole. He found, from the evidence, that the labor on a building of such character will run about forty per centum of the total cost. So, the claim for $6,981.04 ($3,543.00 for personal services and $3,438.04 for employed labor) was clearly out of all proportion.

In arriving at the sum to which plaintiff was entitled, the commissioner took into account an average of the estimates of several witnesses as to what it would cost to build such a house. The necessity for such a method in some cases has been recognized by this court. *Gay* v. *Gibson,* 101 W. Va. 284, 132 S. E. 717. In that case, at page 291, the court said: "It is quite evident he (the commissioner) took the average price as fixed by all the witnesses, which on the whole case was perhaps the best way to determine the fact."

Defendant files cross-error. This embraces, first, the contention that the lumber furnished by defendant was considered in the estimates of what the house should have cost at the current price, rather than the price at which he had agreed to furnish same. However this may be, we cannot see from the record that the commissioner did not make due allowance for such difference, although he was guided to some extent by the several estimates. Secondly, the defendant complains that he is prejudiced by the court's refusal to divide the costs. It must be remembered that the plaintiff has received a substantial decree and by the ordinary rules of procedure, having materially prevailed in his suit, is entitled to an award of costs. We see no merit in that claim.

Where a decree is based upon conflicting testimony, upon which persons might reasonably disagree as to the facts proven, or the proper conclusions therefrom, the appellate court will decline to reverse the chancellor, although the testimony might be such that the appellate court may have pronounced a different decree, if deciding the case in the first instance. *Wolfe* v. *Morgan,* 61 W. Va. 287, 56 S. E. 504. And while it is our duty to set aside or reverse a decree unsupported by, or clearly against the weight of, the evidence, we are just as indubitably bound to restrict such review to the questions of law only where it is otherwise. There is a presumption in favor of the decree of a chancellor, and this presumption is entitled to special consideration when the decree is based on conflicting testimony. *Ramsburg* v. *Erb,* 16 W. Va. 787. Considering the great volume of testimony taken pro and con, the failure of the parties to reduce their contract to writing, and our inability to reason out a more equitable finding, it seems to us a case where the foregoing rule should be applied to the end of terminating litigation in the interest of all parties concerned.

*Affirmed.*